**The STATE of Ohio, Appellee,**

**v.**

**APANOVITCH, Appellant.**█

[Cite as *State v. Apanovitch* (1991), 70 Ohio App.3d 758.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57875.

Decided Feb. 11, 1991.

*John T. Corrigan,* Prosecuting Attorney, *Jack H. Hudson* and *L. Christopher Frey,* for appellee.

*Randall M. Dana,* Ohio Public Defender, *Scott Z. Jelen* and *Jerry L. McHenry,* for appellant.

---

ANN McMANAMON, Presiding Judge.

Anthony C. Apanovitch appeals the denial of his petition for postconviction relief.

A jury convicted Apanovitch of aggravated murder, with a felony murder specification, aggravated burglary, and two counts of rape in 1984. The court sentenced him to death on count one and to consecutive fifteen to twenty-five year terms on the remaining three counts. These convictions arose from the attack, rape and slaying of Mary Ann Flynn in her west side Cleveland home. On direct appeal, both the Ohio Supreme Court and a panel of this court affirmed the judgment of conviction. *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 29, 514 N.E.2d 394, 404.

In his petition, Apanovitch unsuccessfully challenged the convictions with purported newly discovered evidence. He presently raises twelve assignments of error,[1] which, upon review, we find are not well taken.

■ In his first three assignments, Apanovitch claims that his discovery of new serological evidence indicates (1) he was denied effective assistance of

---

1. See Appendix.

counsel at trial because counsel failed to procure this evidence; (2) he was prejudiced by the prosecutor's failure to disclose information; and (3) he is entitled to a new trial since, with the new evidence, there is demonstrably insufficient evidence to sustain his convictions.

At trial the state attempted to demonstrate that the attacker's blood type, determined from vaginal and oral swabs taken from the victim, was the same as that of Apanovitch. The trace evidence report also showed the victim shared the same blood type. The report, however, did not indicate if the victim was a secretor—*i.e.*, whether she secreted her blood type through other body fluids—until the report was amended to provide that information nearly four years after the trial. In her affidavit, however, the trace evidence analyst acknowledged that this data was contained in the notes to which she referred at trial.

Appellant posits that this information was necessary in order to determine whether substances found on the swabs taken from the victim were secreting the victim's blood type or that of her assailant. Scientists recognize that samples taken from a swab, where both the assailant and victim are secretors, are not proof of an assailant's blood type. See Gaensslen & Camp, Forensic Serology: Analysis of Bloodstains and Body Fluid Stains, 2 Forensic Sciences (Wecht Ed.1987) 29–83.

Justice Brown, with two justices concurring, raised the issue of the victim's unknown secretor status in his dissent to the affirmance of the petitioner's convictions. *Apanovitch, supra.* The judge expressed his concern that the state failed to prove the defendant's blood type was the same as the assailant's. Justice Brown noted, however, that the medical technician testified at trial that eighty percent of all persons secrete their blood types in other body fluids.

The existence of the victim's secretor status in the trace evidence analyst's notes for trial, defense counsel's cross-examination at trial regarding the secretor status of both the assailant and Apanovitch, as well as Justice Brown's notice, *sua sponte*, of this issue, persuade us that the defendant could have addressed this issue at trial or on direct appeal, but did not.

The doctrine of *res judicata* prohibits our consideration of these serological test issues which could have been raised by the defendant at trial or on direct appeal. *State v. Ishmail* (1981), 67 Ohio St.2d 16, 21 O.O.3d 10, 423 N.E.2d 1068; *State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104; *State v. Cole* (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169; *State v. Jenkins* (1987), 42 Ohio App.3d 97, 536 N.E.2d 667.

We note the medical technician limited the importance of the blood type evidence by explaining to the jury that the test results merely failed to

exclude Apanovitch from the forty percent of the population who, like the assailant, had type A blood. She expressly informed the jury she had no physical evidence linking Apanovitch to Flynn's death.

These assigned errors must fail.

■ We will next address Apanovitch's ninth assigned error, which also relates to the serological evidence. Apanovitch charges that his due process rights were violated because the serological specimens were not preserved. Apanovitch offered no evidence that the specimens were destroyed in bad faith. He also did not indicate with certainty that new testing of the samples would prove to be exculpatory. Where the state acts in good faith and in accordance with normal procedure in not preserving serological specimens for the six years since trial, the defendant's due process rights are not violated. *California v. Trombetta* (1984), 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413; *State v. Thompson* (1987), 33 Ohio St.3d 1, 514 N.E.2d 407; *State v. Sampson* (1987), 36 Ohio App.3d 166, 521 N.E.2d 1149; *State v. Purdon* (1985), 24 Ohio App.3d 217, 24 OBR 395, 494 N.E.2d 1154.

This assignment of error fails.

[3] Apanovitch, in his fourth, eighth and eleventh assignments of error, raises complaints relating to the effectiveness of his appellate counsel.

The courts in this state are divided as to the application of R.C. 2953.21 postconviction relief to these claims. The Ohio Supreme Court recently alluded to this issue, in *dicta,* in *State v. Howard* (1989), 42 Ohio St.3d 18, 537 N.E.2d 188, certiorari denied (1989), 493 U.S. 873, 110 S.Ct. 203, 107 L.Ed.2d 157. Though this reference raises the possibility that the effectiveness of appellate counsel should be cognizable under R.C. 2953.21, we are bound by the decision of a panel of this court which finds that postconviction relief is not the proper remedy. *State v. Mitchell* (1988), 53 Ohio App.3d 117, 559 N.E.2d 1370 ■

These assigned errors are not well taken.

[4] In his fifth, sixth, seventh, tenth and twelfth assignments of error, Apanovitch argues, respectively, that (1) the evidence is insufficient to sustain his convictions, (2) the convictions are against the manifest weight of the evidence, (3) hearsay testimony was erroneously admitted into evidence at trial, and (4) trial counsel were ineffective.

Apanovitch raised his claims regarding the sufficiency and manifest weight of the evidence on direct appeal. Likewise, the courts on direct appeal also

resolved his contentions regarding purported hearsay testimony admitted at trial and his charges of ineffective assistance of trial counsel for the trial court's decision to call a witness as its own. See *State v. Apanovitch* (1987), 33 Ohio St.3d 19, 514 N.E.2d 394; *State v. Apanovitch* (Aug. 28, 1986), Cuyahoga App. No. 49772, unreported, 1986 WL 9503.

The doctrine of *res judicata* prohibits our consideration of issues raised at trial or reviewed on direct appeal from the court's judgment in a postconviction relief action. *State v. Ishmail, supra; State v. Perry, supra; State v. Cole, supra; State v. Warden* (1986), 33 Ohio App.3d 87, 514 N.E.2d 883.

◼ Apanovitch's challenge to the effectiveness of his trial counsel on the grounds of the purported inadequacy of their investigation and preparation of an alibi defense is likewise precluded. The doctrine of *res judicata* proscribes a collateral attack on the effectiveness of trial counsel where the defendant, represented by new counsel on direct appeal, fails to raise the issue and then fails to overcome the presumption of counsel's effectiveness with operative facts *dehors* the record. *State v. Ishmail, supra; State v. Perry, supra; State v. Cole, supra; State v. Jenkins, supra; State v. Smith* (1987), 36 Ohio App.3d 162, 521 N.E.2d 1112; *State v. Warden, supra.*

These assigned errors are not well taken.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

PATTON, J., concurs.

PARRINO, J., dissents.

THOMAS J. PARRINO, J., retired, of the Eighth Appellate District, sitting by assignment.

PARRINO, Judge, dissenting.

Appellant made a claim of ineffective assistance of appellate counsel in his petition for postconviction relief. It was denied by the trial court.

Upon the authority of *State v. Howard* (1989), 42 Ohio St.3d 18, 537 N.E.2d 188, I respectfully dissent from the disposition of appellant's fourth, eighth and eleventh assignments of error. Cf. *Manning v. Alexander* (C.A.6, 1990), 912 F.2d 878. Under this decision, it is my opinion that this court in the instant case is required to address and determine appellant's claims of the ineffective assistance of appellate counsel.

APPENDIX

Appellant's assignments of error are:

## I

"The trial court erred by failing to find that appellant Apanovitch was denied the effective assistance of counsel in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution for the reason that trial counsel was incompetent with respect to the serological evidence introduced at trial."

## II

"The trial court erred by failing to find that appellant was denied due process of law and the right to confront his witnesses in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution for the reason that the prosecution failed to disclose evidence which was favorable to the defendant and material to his guilt."

## III

"The trial court erred by failing to grant appellant Apanovitch a new trial."

## IV

"The trial court erred by failing to find that appellant Apanovitch was denied the effective assistance of counsel on direct appeal as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution."

## V

"The trial court erred by failing to conclude that there is not sufficient evidence to sustain appellant Apanovitch's conviction in violation of appellant's right of due process of law and right against cruel and unusual punishment as guaranteed by the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Sections 9 and 16, Article I of the Ohio Constitution."

## VI

"The trial court erred by failing to find that appellant Apanovitch's conviction is against the manifest weight of the evidence in violation of his right to due process of law and right against cruel and unusual punishment as guaranteed by the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Sections 9 and 16, Article I of the Ohio Constitution."

## VII

"The trial court erred by failing to find that inflammatory and prejudicial hearsay evidence was admitted at appellant's trial, thereby violating his right of due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution."

## VIII

"The trial court erred in failing to find that appellant Apanovitch was denied the effective assistance of counsel on appeal as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Sections 10 and 16, Article I of the Ohio Constitution."

## IX

"The trial court erred by failing to find that appellant Apanovitch was denied due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and Section 16, Article I of the Ohio Constitution for the reason that the serological evidence in the present case has not been preserved."

## X

"The trial court erred by failing to find that appellant was denied a fair right to his appellate process in violation of the Fifth, Eighth and Fourteenth Amendments of the United States Constitution and Sections 9 and 16, Article I of the Ohio Constitution."

## XI

"The trial court erred by failing to find that appellant received ineffective assistance of counsel in violation of his right to counsel under the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, as well as due process protection under the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution for the reason that trial counsel failed to adequately investigate and present an alibi defense."