OPINION
Defendant-appellant, Guy Billy Lee Scott, appeals a decision by the Butler County Court of Common Pleas on November 1, 1996, which dismissed his petition for postconviction relief and his petition to vacate judgment and sentence. We affirm.
Appellant was convicted by a jury in the Butler County Court of Common Pleas on one count of murder in violation of R.C.2903.02(A), two counts of assault in violation of R.C. 2903.13(A) and one count of rape in violation of R.C. 2907.02(A)(2). See State v. Scott (Aug. 1, 1994), Butler App. No. CA92-03-052, unreported. Appellant presented seventeen assignments of error to this court in his initial appeal. We overruled all seventeen assignments of error and affirmed the trial court's judgment. Id. Appellant's discretionary appeal was not allowed by the Ohio Supreme Court in State v. Scott (1994), 71 Ohio St.3d 1428.
On September 20, 1996, appellant filed a motion for postconviction relief with the trial court pursuant to R.C. 2953.21, and a petition to vacate judgment and sentence.[1] Appellant argued that the trial court should grant the motion and petition for the following six reasons: (1) appellant's indictment was flawed because it was based upon perjured testimony, (2) appellant's trial counsel was ineffective, (3) the original trial court erred in denying his motion for a new trial, (4) the original trial court erred in sentencing appellant as a repeat offender, (5) the rape conviction was based upon insufficient evidence, and (6) the murder conviction was based upon insufficient evidence.[2]
The trial court found that appellant failed to present substantive grounds for post-conviction relief, and denied appellant's motion and petition on November 1, 1996. Appellant then filed a notice of appeal from the trial court's decision on December 2, 1996. Appellant also filed a motion for relief from judgment with the trial court on January 28, 1997. The trial court overruled appellant's motion for relief from judgment on March 17, 1997. Appellant then filed a notice of appeal of the trial court's March 17, 1997 decision on April 16, 1997. Both appeals were consolidated on May 2, 1997. Appellant presents seven assignments of error.
First Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING WITHOUT A HEARING HIS PETITION TO VACATE JUDGEMENT AND SENTENCE AND FOR POST CONVICTION RELIEF, IN VIOLATION OF APPELLANT'S RIGHTS UNDER THE CONFRONTATION, RIGHT TO COUNSEL, AND DUE PROCESS CLAUSES OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND THEIR COROLLARIES UNDER SECTIONS 10 AND 16, ARTICLE I, AND SECTION 28, ARTICLE II, OF THE OHIO CONSTITUTION.
Appellant argues that he was entitled to an evidentiary hearing because the indictment returned by the grand jury was tainted and should be dismissed. Appellant contends that the indictment was tainted because later statements made by Gary Heath in a taped interview contradicted testimony given by Heath before the grand jury.
An evidentiary hearing is not automatically required for every petition seeking postconviction relief. State v. Viars (Sept. 2, 1997), Butler App. No. CA97-01-012, unreported, at 4, following State v. Jackson (1980), 64 Ohio St.2d 107, 110. "[A] petition for postconviction relief is subject to dismissal without a hearing if the petitioner, appellant here, fails to submit with the petition evidentiary material setting forth sufficient operative facts to demonstrate substantive grounds for relief." State v. Blankenship (Nov. 4, 1996), Butler App. No. CA96-05-098, unreported, at 5, following Jackson, 64 Ohio St.2d at 110.
It is well-established that because of res judicata, an appellant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal. State v. Reynolds (1997), 79 Ohio St.3d 158, 161. The Ohio Supreme Court has explained that:
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
State v. Szefcyk (1996), 77 Ohio St.3d 93, 95 (emphasis in original), quoting State v. Perry (1967), 10 Ohio St.2d 175, paragraph nine of the syllabus.
Appellant demonstrated in his initial appeal that he was aware that Heath may have contradicted his grand jury testimony. In appellant's fourteenth assignment of error, he argued that he:
 has shown a particularized need for Gary Heath's grand jury testimony. Heath testified before the grand jury, but did not testify at appellant's trial. Heath did however, provide appellant with a written recantation of his grand jury testimony.
Scott, Butler App. No. CA92-03-052, at 28. In overruling appellant's assignment of error, this court stated that "Heath was not called at trial; therefore there is no proof that he changed his story." Id.
Since appellant argued in his initial appeal that Heath had recanted his testimony, appellant also had an opportunity to argue that the indictment was tainted because of Heath's alleged recantation of his grand jury testimony. Accordingly, we find that appellant is barred from presently arguing that his indictment was tainted because of the doctrine of res judicata. State v. Darden (1989), 64 Ohio App.3d 691, 694, discretionary appeal not allowed (1990), 49 Ohio St.3d 703. Since appellant was barred from arguing that his indictment was tainted, the trial court did not err in denying appellant's motion without an evidentiary hearing. Appellant's first assignment of error is overruled.
Second Assignment of Error:
 THE TRIAL COURT ERRED IN RELYING UPON FACTS NOT IN THE RECORD IN DISMISSING APPELLANT'S POSTCONVICTION PETITION, IN VIOLATION OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION.
Appellant argues that the trial court erred in overruling his motion because the record does not show that without Heath's testimony, the grand jury would still have indicted appellant. As discussed in appellant's first assignment of error, appellant is barred by res judicata from alleging a defect in his indictment based upon Heath's alleged recantation of his grand jury testimony. Accordingly, appellant's second assignment of error is overruled.
Third Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT'S RIGHT TO DUE PROCESS OF LAW IN THAT IT DENIED HIS POST CONVICTION PETITION WITHOUT FIRST HAVING AN EVIDENTIARY HEARING TO EXAMINE THE VIDEOTAPED STATEMENT OF HEATH, AND IN CONSIDERING EVIDENTIARY MATTER NOT PROPERLY PART OF THE RECORD.
Appellant's third assignment of error is overruled for the same reasons stated with respect to the first and second assignments of error.
Fourth Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION FOR NEW TRIAL, AND HIS MOTION FOR POST CONVICTION RELIEF, THEREBY VIOLATING (1) HIS RIGHT TO CONFRONTATION, (2) HIS RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, AND (3) HIS RIGHT TO DUE PROCESS OF LAW SECURED TO HIM BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION OF THE UNITED STATES AND BY SECTIONS 10 AND 16, ARTICLE I, OF THE OHIO CONSTITUTION.
Appellant presents the same argument that he presented to this court in his first assignment of error in State v. Scott (Aug. 1, 1994), Butler CA92-03-052, unreported, at 3-6. Res judicata prohibits this court from considering issues reviewed on direct appeal in a postconviction relief action. State v. Apanovitch (1991) 70 Ohio App.3d 758, 762, discretionary appeal not allowed (1991), 61 Ohio St.3d 1418. Therefore, we overrule appellant's fourth assignment of error.
Fifth Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN IMPOSING SENTENCE UPON APPELLANT AS A REPEAT OFFENDER BASED ON AN OFFENSE WHICH OCCURRED AFTER THE COMMISSION OF THE OFFENSE FOR WHICH HE WAS SENTENCED HERE, AND IN DENYING HIS POST-CONVICTION PETITION BASED UPON THE SAME CLAIM, IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE UNITED STATES AND OHIO CONSTITUTIONS.
Appellant is barred from raising this argument by res judicata because appellant already presented this argument in his eighth assignment of error in Scott, at 13-14. Appellant's fifth assignment of error is overruled.
Sixth Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY DENYING HIS PETITION FOR POST CONVICTION RELIEF, WHICH CLAIMED THAT APPELLANT HAD BEEN CONVICTED ON INSUFFICIENT EVIDENCE AS TO ALL COUNTS OF THE INDICTMENT, IN VIOLATION OF HIS RIGHT TO DUE PROCESS OF LAW UNDER THE U.S. AND OHIO CONSTITUTIONS.
Appellant is barred from raising this argument by res judicata because appellant already presented this argument in his third and seventh assignments of error in Scott, at 6-13. Appellant's sixth assignment of error is overruled.
Seventh Assignment of Error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY OVERRULING HIS MOTION FOR RELIEF FROM JUDGMENT, THEREBY VIOLATING HIS RIGHT TO DUE PROCESS OF LAW UNDER THE FOURTEENTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES, AND SECTION 16, ARTICLE I, OF THE OHIO CONSTITUTION.
Appellant argues that the trial court erred in overruling his motion for relief from judgment because it did not hold an evidentiary hearing to consider Heath's statements. We already found when addressing appellant's first assignment of error that the trial court did not err in denying appellant's motion without an evidentiary hearing. Accordingly, appellant's seventh assignment of error is overruled.
After having reviewed the record, we overrule all of appellant's assignments of error. Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Appellant's petition to vacate judgment and sentence is a motion for postconviction relief pursuant to R.C. 2953.21(A)(1) because it is a motion that was (1) filed subsequent to appellant's direct appeal, (2) claiming a denial of constitutional rights, (3) seeking to render the judgment void, and (4) asking for vacation of the judgment and sentence. State v. Reynolds (1997), 79 Ohio St.3d 158, 160.
[2] Appellant's motion for the sixth ground reads in part as follows: "The cause of the death of the victim was drowning. There was absolutely no evidence that the victim was killed by another person who then possessed the purpose to cause her death. Consequently, the conviction of rape is based upon insufficient evidence of an essential element of the offense." It appears that appellant meant to use the word "murder" instead of "rape."