OPINION
Defendant-appellant, Cindy Kay Sanders, proceeding pro se, appeals a decision of the Madison County Court of Common Pleas in which the court dismissed her petition for postconviction relief without holding an evidentiary hearing. We affirm.
The factual details pertaining to the circumstances of appellant's conviction herein are detailed in this court's decision in State v. Sanders (Mar. 10, 1997), Madison App. No. CA96-01-002, unreported. On June 1, 1990, appellant pled guilty to aggravated murder and aggravated robbery. The trial court accepted appellant's plea and sentenced her to life in prison, with no eligibility for parole for twenty years. On January 3, 1996, appellant filed a motion for delayed direct appeal, which was granted. On direct appeal, this court affirmed appellant's conviction. Id. Appellant filed a petition for postconviction relief in September 1996, which was stayed until the appeal was complete. On July 29, 1997, the trial court denied the petition for postconviction relief.
Appellant argues four assignments of error on appeal:
Assignment of Error No. 1:
 THE COURT ERRED IN DISMISSING THE PETITION ON ITS MERITS, THAT IS, FACT AND LAW REQUIRED GRANTING RELIEF IN THE PARTICULAR CASE.
Assignment of Error No. 2:
 THE COURT ERRED IN GRANTING THE STATES MOTION TO DISMISS THAT IS, THE STATES FAILURE TO COMPLY WITH CIVIL RULE 56, AND THERE EXISTS GENUINE ISSUES OF MATERIAL FACT AND CONSTITUTIONAL ISSUES. [sic]
Assignment of Error No. 3:
 THE COURT ERRED IN FINDING CLAIMS TO BE RES JUDICATA.
Assignment of Error No. 4:
 THE COURT SHOULD HAVE GRANTED AN EVIDENTIARY HEARING IN THE PARTICULAR CASE.
Appellant's assignments of error will be addressed concurrently as the gravamen of appellant's argument is that the trial court erred in refusing to grant her petition for postconviction relief. Appellant essentially argues that her postconviction relief petition contained sufficient evidence outside the record to bar the application of res judicata and to justify an evidentiary hearing.
First, we will review the applicable law dealing with postconviction relief. R.C. 2953.21 provides in pertinent part:
 (A)(1)Any person convicted of a criminal offense or adjudged a delinquent child and who claims that there was such a denial or infringement of his rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
A hearing is not automatically granted upon the filing of a petition for postconviction relief. State v. Jackson (1980),64 Ohio St.2d 107, 110. The petitioner must show that there are substantive grounds for relief that would warrant a hearing based upon the petition, the supporting affidavits, and the files and records in the case. Id. A petition for postconviction relief may be dismissed without an evidentiary hearing when the claims raised are barred by the doctrine of res judicata. State v. Perry (1967), 10 Ohio St.2d 175.
 Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except on appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.
Id., paragraph nine of the syllabus.
There is an exception to the doctrine of res judicata where the petitioner presents competent, relevant, and material evidence dehors the record that was not in existence and available to the petitioner in time to support the direct appeal. State v. Lawson (1995), 103 Ohio App.3d 307, 315. The threshold level that the evidence dehors the record must meet has been described in many different ways. We find the following to be the clearest expression of this threshold.
In State v. Lawson, 103 Ohio App.3d 307, this court quoted with approval the threshold set by the First District Court of Appeals in State v. Coleman (Mar. 17, 1993), Hamilton App. No. C-900811, unreported, which stated that the evidence must be genuinely relevant, and it must materially advance a petitioner's claim that there has been a denial or infringement of his or her constitutional rights. The Coleman court noted that in the absence of such a standard, it would be too easy for the petitioner to simply attach as exhibits "evidence which is only marginally significant and does not advance the petitioner's claim beyond a mere hypothesis and a desire for further discovery." Id. at 22. Furthermore, the evidence offered dehors the record "must be more than evidence which was in existence and available to the defendant at the time of the trial and which could and should have been submitted at trial if the defendant wished to make use of it." Id.
In summary, to overcome the res judicata bar, the evidence offered dehors the record must show that the petitioner could not have appealed the constitutional claim based upon information in the original trial record and the evidence must be genuinely relevant.
Appellant contends that three affidavits submitted in support of her petition for postconviction relief constitute sufficient competent, relevant evidence outside the record to overcome the res judicata bar. The affidavits submitted were from Jeff Hatfield, appellant's former boyfriend and co-defendant in the murder; Amber Whitney, appellant's friend; and Marilyn Townes, appellant's mother. Appellant contends that these affidavits show that based on the totality of the circumstances, that she did not subjectively understand the implications of her plea and the nature of her rights waived.
A review of the record reveals that this court addressed the question of the voluntariness of appellant's plea on her direct appeal. State v. Sanders (Mar. 19, 1997), Madison App. No. CA96-01-002, unreported. This court found:
 nothing in the record that indicates that the court acted improperly or that appellant did not understand her guilty plea. Appellant was represented by counsel and present in the court during the proceedings. Appellant was informed of the charges and the penalties before she pled guilty. The court, in compliance with Crim.R. 11 (C)(2), informed appellant of the rights that she was waiving. The court inquired whether "any other promises, threats, or representations [have] been made by any person to secure these guilty pleas from you." Appellant signed a Waiver and Plea Entry.
Because this claim was raised and considered by the court on direct appeal, it is barred by res judicata. State v. Apanovitch (1991), 70 Ohio App.3d 758, 762. However, the question remains as to whether the evidence presented outside the record in the form of the affidavits was competent, credible evidence to overcome the res judicata bar.
In denying appellant's petition for postconviction relief, the trial court considered the affidavits and found that they were "conclusory and do not corroborate [appellant's] allegations so as to constitute evidentiary documents." A trial court does not automatically have to accept as true any affidavits submitted in a petition for postconviction relief, but may weigh the credibility of the postconviction relief affidavits. State v. McCoy (Mar. 2, 1998), Clermont App. Nos. CA97-03-027 and CA97-03-032, unreported, following State v. Moore (1994),99 Ohio App.3d 748.
In determining whether a trial court erred in denying an evidentiary hearing on a petition for postconviction, this court must apply an abuse of discretion standard. State v. Watson (Feb. 17, 1998), Butler App. No. CA97-05-145, unreported. An abuse of discretion occurs when the court's attitude is unreasonable, arbitrary or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151,157.
After reviewing appellant's postconviction relief petition and the affidavits attached to it, we find that the trial court properly concluded that appellant failed to satisfy her burden to submit the necessary evidentiary documents containing sufficient operative facts demonstrating substantive grounds for relief. Furthermore, the trial court did not abuse its discretion in weighing the credibility of the affidavits submitted in support of appellant's petition and finding that these affidavits did not provide substantive grounds for relief. Appellant's assignments of error are overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.