OPINION
Defendant-appellant, John E. Wells, Sr., appeals a judgment of the Jefferson County Court of Common Pleas denying his petition for post-conviction relief and request for evidentiary hearing.
On December 17, 1997, a jury found appellant guilty of three counts of rape and two counts of rape by force or threat of force in violation of R.C. 2907.02 (A) (1) (b). The charges stemmed from the repeated rape and molestation of his three minor daughters. On December 24, 1997, appellant was sentenced to two life sentences and three ten-year terms of imprisonment, all to be served consecutively. Appellant appealed the December 17, 1997 verdict, which was affirmed by this court in State v.Wells (Mar. 22, 2000), Jefferson App. No. 98-JE-3, unreported.
Proceeding pro se, appellant filed a petition for post-conviction relief and request for evidentiary hearing on December 11, 1998. On December 22, 1998, the trial court issued a journal entry denying appellant's petition and appellant's request for an evidentiary hearing. Now represented by counsel, appellant has timely appealed that decision.
Appellant raises two assignments of error both of which can be resolved with one discussion. They state respectively:
 "THE TRIAL COURT ERRED IN FAILING TO HOLD AN EVIDENTIARY HEARING ON APPELLANT'S PETITION FOR POST-CONVICTION RELIEF.
 "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT A NEW TRIAL, AS THE STATE DID NOT PRESENT ANY EVIDENCE OR AFFIDAVITS CONTRADICTING APPELLANT'S CLAIMS."
R.C. 2953.21 governs petitions for post-conviction relief and states in relevant part as follows:
 "(A) (1) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.
"* * *
 "(C) The court shall consider a petition that is timely filed under division (A) (2) of this section even if a direct appeal of the judgment is pending. Before granting a hearing on a petition filed under division (A) of this section, the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs. If the court dismisses the petition, it shall make and file findings of fact and conclusions of law with respect to such dismissal."
In State v. Calhoun (1999), 86 Ohio St.3d 279, 282-283, the Ohio Supreme Court held:
 "According to the postconviction relief statute, a criminal defendant seeking to challenge his conviction through a petition for postconviction relief is not automatically entitled to a hearing. State v. Cole (1982), 2 Ohio St.3d 112, 2 OBR 661, 443 N.E.2d 169. Before granting an evidentiary hearing on the, petition, the trial court shall determine whether there are substantive grounds for relief (R.C. 2953.21[C]), i.e., whether there are grounds to believe that `there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States.' (Emphasis added.) R.C. 2953.21 (A) (1)."
The court also went on to hold that it is not unreasonable to require the defendant to show in his petition for postconviction relief that the alleged errors resulted in prejudice before a hearing is scheduled. Id.,86 Ohio St.3d at 283 (citing State v. Jackson [1980], 64 Ohio St.2d 107, 112). Therefore, before a hearing is granted, the petitioner bears the initial burden to submit evidentiary documents containing sufficient operative facts to demonstrate the merit of his claims. See id.
Thus, the trial court must determine if a hearing is warranted based upon the petition, supporting affidavits, and all of the files and records pertaining to the proceedings.State v. Pierce (1998), 127 Ohio App.3d 578, 586; State v. Smith
(Dec. 11, 1997), Jefferson App. No. 96-JE-44, unreported, 1997 WL 778784 at *2. A trial court's decision regarding whether or not to conduct an evidentiary hearing in post-conviction matters is governed by the "abuse of discretion" standard. Smith, supra
(citing State ex rel. Richard v. Seidner [1996], 76 Ohio St.3d 149,151). An abuse of discretion connotes conduct which is unreasonable, arbitrary, or unconscionable. See Richard, supra.
In this case, appellant sets forth four claims in his petition. In his first claim, appellant alleges that one of the witnesses who testified against him, Thomas Wells, testified falsely and is now willing to provide truthful testimony on his behalf. Appellant attached to his petition a purported affidavit from Thomas Wells in support. The trial court refused to consider the affidavit because it is not properly notarized.
Upon reviewing the affidavit, it indeed does not appear to be properly notarized. Therefore, the trial court did not err in disregarding it as improper evidence. Nevertheless, even assuming that the affidavit had been properly notarized and that its contents are truthful, it is insufficient to establish operative facts demonstrating prejudice.
In Calhoun, 86 Ohio St.3d at 284, the court held that:
 "not all affidavits accompanying a postconviction relief petition demonstrate entitlement to an evidentiary hearing, even assuming the truthfulness of their contents. Thus, where a petitioner relies upon affidavit testimony as the basis of entitlement to postconviction relief, and the information in the affidavit, even if true, does not rise to the level of demonstrating a constitutional violation, then the actual truth or falsity of the affidavit is inconsequential."
At trial, Thomas Wells testified to one incident where appellant had performed oral sex on Tara Wells and forced her to perform oral sex on him. Even disregarding this testimony as false, there was other sufficient evidence to sustain appellant's conviction. All three of appellant's daughters testified that appellant had raped them on repeated occasions. Tasha Wells testified that appellant had performed sexual intercourse with her on numerous occasions since she was three or four years old. Tiffanie Wells testified that appellant had performed oral sex on her and forced her to perform oral sex on him on numerous occasions since she was about three years old. Tara Wells testified that appellant threatened to dig a hole, chop her head off, and bury her in the hole.
Appellant's second and third claims relate to another witness, Drema Wells. Appellant's fourth claim relates to the trial court's denial of a pretrial motion for continuance. Appellant made these same claims in his original direct appeal and has presented nothing new for consideration in his petition for postconviction relief. See State v. Wells (Mar. 22, 2000), Jefferson App. No. 98-JE-3, unreported. Res judicata precludes this court from considering issues reviewed on direct appeal in a postconviction relief action. State v. Watson (1998), 126 Ohio App.3d 316,326; State v. Apanovitch (1991), 70 Ohio App.3d 758,762. See, also, State v. Reynolds (1997), 79 Ohio St.3d 158,161.
In sum, appellant failed to submit evidentiary documents containing sufficient operative facts to demonstrate the merit of his first claim and his remaining claims are barred under the doctrine of res judicata. As to appellant's second assignment of error, since appellant failed to meet his initial burden the state's failure to respond to appellant's petition, while potentially deleterious, was ultimately inconsequential. A review of the trial court's decision dismissing appellant's petition reveals that the court was vigilant and careful in reviewing and addressing each of appellant's claims and did not abuse its discretion.
Accordingly, both of appellant's assignments of error are without merit.
The judgment of the trial court is hereby affirmed.
Cox, J., concurs. Vukovich, J., concurs.
 ____________________ Gene Donofrio, Judge