OPINION
Petitioner-appellant, Hank E. Willard, appeals a judgment of the Columbiana County Court of Common Pleas denying his petition for post-conviction relief.
From April to October of 1987, appellant allegedly sexually abused Keith Allen Teneyck, the four year old son of his girlfriend, Dawn Marie Teneyck. The victim related these incidents to his grandmother, Donna Reese, who in turn informed the Columbiana County Children's Services Department. After an extensive examination and interviews with the victim, appellant was indicted for rape pursuant to R.C. 2907.02(A)(1)(b).
Appellant's trial on these charges was set for November 28, 1988. Prior to trial, the court sustained the State's (appellee) motion in limine
regarding both a videotape and polygraph examination. The trial court also granted appellant's motion in limine regarding his past sexual history. The trial court questioned the five year old victim in court and determined that the child was competent to testify. After the evidence was presented, a jury found appellant guilty of rape on December 1, 1988. The trial court sentenced appellant to an indefinite incarceration term of not less than ten years, nor more than twenty-five years. A timely appeal followed under Case No. 88-C-57.
On September 7, 1989, appellant filed a motion for a new trial with the trial court. The motion was based upon newly discovered evidence, that the victim had recanted his trial testimony. On September 25, 1989, the trial court conducted a hearing and overruled appellant's motion. Thereafter, appellant filed an additional notice of appeal under Case No. 89-C-59, which was consolidated with Case No. 88-C-57 for purposes of appeal.
On January 10, 1991, this court affirmed appellant's conviction. SeeState v. Willard (Jan. 10, 1991), Columbiana App. Nos. 88-C-57, 89-C-59, unreported, 1991 WL 1568.
On September 18, 1996, appellant filed a petition to vacate and/or set aside sentence with the trial court. The trial court issued its judgment entry on November 7, 1996, without holding an evidentiary hearing. The trial court denied appellant's petition stating that the polygraph issue was res judicata. A timely appeal followed under Case No. 96-CO-94. Again, this court affirmed appellant's conviction. See State v. Willard
(Sept. 10, 1998), Columbiana App. No. 96-CO-94, unreported, 1998 WL 635874.
On May 14, 1999, appellant, through counsel, filed a Motion for Leave to File a Delayed Motion for New Trial and offered a memorandum in support. The trial court granted leave and appellant filed a Motion for New Trial. On May 19, 1999, appellee filed a motion for summary judgment. The court denied appellee's motion and set the matter for a hearing. On August 30, 1999, the court filed a judgment entry denying appellant's motion. Now proceeding pro se, appellant timely appeals the court's decision.
Appellant's first assignment of error states:
 "With the evidence produced at trial, the polygraph examination results and subsequent recantations by the alleged victim; all indicating a strong probability that the Appellant was innocent of the offense charged, the Trial Court clearly abused its discretion by refusing to grant the Appellant a new trial in the interests of justice and `fundamental fairness.'"
The issues raised and the arguments made by appellant under this assignment of error were thoroughly examined and addressed in appellant's previous appeals. See State v. Willard (Jan. 10, 1991), Columbiana App. Nos. 88-C-57, 89-C-59, unreported, 1991 WL 1568[1]; State v. Willard
(Sept. 10, 1998), Columbiana App. No. 96-CO-94, unreported, 1998 WL 635874. Consequently, res judicata precludes this court from reconsidering those issues. State v. Watson (1998), 126 Ohio App.3d 316,326; State v. Apanovitch (1991), 70 Ohio App.3d 758, 762. See, also,State v. Reynolds (1997), 79 Ohio St.3d 158, 161.
Accordingly, appellant's first assignment of error is without merit.
Appellant's second assignment of error states:
 "Since the Appellant had already served, more than the maximum term that could have been received by any offender sentenced under Senate Bill 2 for committing the same offense, the Trial Court, as an agent of the State of Ohio, was authorized under the Fourteenth Amendment to the United States Constitution, to determine whether the Appellant's continuing incarceration was unconstitutional. The failure to make such a determination was an abuse of discretion." (Emphasis sic.)
This issue was resolved by the Ohio Supreme Court in State ex rel.Lemmon v. Ohio Adult Parole Auth. (1997), 78 Ohio St.3d 186. In State v.Gaitor (June 21, 1999), Mahoning App. No. 96-CA-234, unreported, 1999 WL 420568, this court observed:
 "The Ohio Supreme Court has specifically held that Senate Bill 2 does not apply to defendants convicted and sentenced before July 1, 1996. State ex rel. Lemmon v. Ohio Adult Parole Authority (1997), 78 Ohio St.3d 186, 677 N.E.2d 347. The Court also held that a defendant has no due process or equal protection right to be resentenced pursuant to Senate Bill 2. Id. at 188, 677 N.E.2d 347. This court has followed the mandates of Lemmon, holding that Senate Bill 2 is not retroactive and finding that this does not violate equal protection and due process rights. See State v. Rush (May 7, 1997), Columbiana App. No. 96-CO-53, unreported; see also State v. Melching
(Sept. 15, 1997), Jefferson App. No. 96-JE-41, unreported." 1999 WL 420568 at *3
Accordingly, appellant's second assignment of error is without merit.
The judgment of the trial court is hereby affirmed.
 ____________________ DONOFRIO, J.
Vukovich, J., concurs, Waite, J., concurs.
[1] Appellant appealed to the Ohio Supreme Court. However, the court sua sponte dismissed the case for want of prosecution on May 20, 1991. See State v. Willard (1991), 60 Ohio St.3d 707.