THE STATE OF OHIO, APPELLEE, *v.*
SMITH, APPELLANT.

(No. 51829—Decided March 9, 1987.)

*John T. Corrigan,* prosecuting attorney, and *George J. Sadd,* for appellee.

*Hyman Friedman,* county public defender, and *Patricia Walsh,* for appellant.

DAVID T. MATIA, J. Defendant-appellant, Norman Smith, appeals from the dismissal of his petition to vacate sentence.

Appellant was indicted on July 20, 1982 for two counts of aggravated robbery in violation of R.C. 2911.01. A trial before a jury was commenced on November 15, 1982, and on November 18, 1982, the jury returned verdicts of guilty as to both counts of aggravated robbery. Thereupon, the appellant was sentenced to the Columbus Correctional Facility for seven to twenty-five years of incarceration with said sentences ordered to be served concurrently.

Upon direct appeal to the Eighth District Court of Appeals, appellant argued that the failure of the trial court to allow the appellant to introduce testimony with regard to an alibi defense resulted in a denial of the right to testify on one's own behalf, a denial of compulsory process, and ineffective assistance of counsel. On June 7, 1984, the Eighth District Court of Appeals reversed and remanded the cause for a new trial on the basis that appellant's rights to testify and to compulsory process were violated as a result of the trial court's exclusion of appellant's alibi evidence.

The Cuyahoga County Prosecuting Attorney filed a notice of appeal to the Ohio Supreme Court. Said appeal presented three propositions of law for review by the Ohio Supreme Court: (1) defense counsel's failure to timely file a notice of alibi pursuant to Crim. R. 12.1 did not *per se* constitute a violation of the Sixth Amendment right to effective assistance of counsel; (2) the exclusion of alibi testimony, first offered by the accused after the close of the state's case, did not violate the right to testify or the Sixth Amendment right to compulsory process; and (3) the trial court did not abuse its discretion in precluding the defendant or alibi witnesses from testifying at

trial where the defendant failed to file a notice of alibi as required by Crim. R. 12.1.

The Ohio Supreme Court, on May 15, 1985, reversed the decision of the Eighth District Court of Appeals and ordered execution of appellant's original conviction and sentence on the basis that: (1) appellant's trial counsel was effective; (2) the exclusion of alibi testimony did not prejudice the appellant's right to testify or the Sixth Amendment right to compulsory process; and (3) the trial judge did not abuse his discretion by excluding alibi evidence at trial. *State* v. *Smith* (1985), 17 Ohio St. 3d 98, 17 OBR 219, 477 N.E. 2d 1128.

On October 25, 1985, appellant filed a petition to vacate sentence pursuant to R.C. 2953.21. The trial court overruled the appellant's petition and granted the motion of the prosecuting attorney to dismiss the petition on December 10, 1985.

Thereupon, the appellant brought this appeal.

The appellant's first and second assignments of error, which will be considered simultaneously, are that:

"The trial court erred by denying appellant's petition to vacate sentence pursuant to Ohio Revised Code Section 2953.21. Appellant was thereby denied his right to effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.

"The trial court erred by failing to hold an evidentiary hearing on appellant's petition to vacate sentence as required by Ohio Revised Code Section 2953.21(E) in violation of appellant's right to due process."

Appellant initially alleges that the trial court erred in denying the petition to vacate judgment which was based upon ineffective assistance of counsel vis-a-vis defense counsel's failure to file a notice of alibi in the original criminal trial of November 15, 1982 in case No. CR-173328.

Ohio case law holds that a properly licensed attorney is presumed to execute his duties in an ethical and competent manner. *Vaughn* v. *Maxwell* (1965), 2 Ohio St. 2d 299, 31 O.O. 2d 567, 209 N.E. 2d 164; *State* v. *Williams* (1969), 19 Ohio App. 2d 234, 48 O.O. 2d 364, 250 N.E. 2d 907. The appellant, in order to overcome this presumption of effectiveness, must submit sufficient operative facts or evidentiary documents which, if proven, would show that appellant was prejudiced by said ineffective counsel. *State* v. *Perry* (1967), 10 Ohio St. 2d 175, 39 O.O. 2d 189, 226 N.E. 2d 104.

In addition, the Ohio Supreme Court has formulated the following tests which must be applied to a claim of ineffective assistance of counsel in a petition to vacate sentence:

"* * *Balancing the rights of the accused and of the public, we hold that the test to be whether the accused, under all the circumstances * * * had a fair trial and substantial justice was done." *State* v. *Hester* (1976), 45 Ohio St. 2d 71, 79, 74 O.O. 2d 156, 160-161, 341 N.E. 2d 304, 310.

"* * * First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397, 2 O.O. 3d 495, 498, 358 N.E. 2d 623, 627, vacated as to the death penalty (1978), 438 U.S. 910.

The United States Supreme Court has established a two-step process for evaluating an allegation of ineffective

assistance of counsel. In *Strickland* v. *Washington* (1984), 466 U.S. 668, 687, the court concluded that:

"* * * First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.* * *"

Appellant argues that defense counsel was. ineffective through the failure of said counsel to file a notice of alibi as mandated by Crim. R. 12.1. The failure of counsel to file said notice of alibi in turn allegedly resulted in a denial of appellant's right to testify and a denial of compulsory process at trial.

Appellant, in his petition to vacate sentence, brought forth two affidavits. The first affidavit, which was executed by the appellant, essentially states that: (1) appellant had discussions with his defense counsel concerning the defense of alibi; (2) the appellant was unaware of the procedural requirements of Crim. R. 12.1; and (3) defense counsel never informed the appellant of counsel's defense strategy. The second affidavit, which was executed by defense counsel, essentially states that: (1) counsel had discussions with appellant concerning the alibi defense; (2) counsel orally informed the prosecutor of his intention to present an alibi defense; and (3) counsel "forgot" to file the notice of alibi prior to trial.

An examination of the trial record, appellant's petition to vacate sentence, and the affidavits executed by appellant and appellant's counsel reveal that the appellant has properly raised the specter of ineffective assistance of counsel. It is this specter of ineffective assistance of counsel which mandates that the trial court conduct an evidentiary hearing pursuant to R.C. 2953. 21(E) with regard to trial counsel's previous legal experience and his motivations for failure to follow the notice-of-alibi rule.

R.C. 2953.21(C) states that:

"Before granting a hearing the court shall determine whether there are substantive grounds for relief. In making such a determination, the court shall consider, in addition to the petition and supporting affidavits, all the files and records pertaining to the proceedings against the petitioner, including but not limited to the indictment, the court's journal entries, the journalized records of the clerk of court, and the court reporter's transcript. Such court reporter's transcript if ordered and certified by the court shall be taxed as court costs. If the court dismisses the petition it shall make and file findings of fact and conclusions of law with respect to such dismissal."

R.C. 2953.21(E) further provides that:

"Unless the petition and the files and records of the case show the petitioner is not entitled to relief, the court shall proceed to a prompt hearing on the issues, hold the hearing, and make and file written findings of fact and conclusions of law upon entering judgment thereon."

R.C. 2953.21(E) requires that an evidentiary hearing must be conducted by the trial court unless the petition, files, and record show that the appellant is not entitled to relief.

As stated previously, appellant's petition to vacate sentence, the affidavits, the file, and the record pertaining to the proceedings show that the appellant may be entitled to relief. It should be noted that the Ohio Supreme Court, in *State* v. *Smith, supra,* at 101,

17 OBR at 221, 477 N.E. 2d at 1131-1132, fn. 1, stipulated that appellant could pursue his claim of ineffective assistance of counsel through the post-conviction relief process and that an evidentiary hearing on said issue would be mandated:

"Counsel is required to consult with his client on important trial decisions. The record is devoid of any suggestion that counsel failed to communicate this tactic [failure to comply with Crim. R. 12.1] to the appellee. Thus, we assume that the appellee chose to disregard the notice-of-alibi rule, having the potential concomitant effect of depriving the state of a fair trial. If indeed the appellee's choice was based upon the advice of counsel, his claim must be directed to the advisability of the strategy. We are ever-mindful of the great latitude given counsel in matters of trial strategy. We are also cognizant of the possibility, however remote, that the appellee was not informed of this strategy. In either event, the appellee is entitled to pursue the matter by means of post-conviction relief pursuant to R.C. 2953.21 et seq.

"In finding that the appellee may proceed under the postconviction relief statute, we note that our decision in State v. Cole (1982), 2 Ohio St. 3d 112, is clearly distinguishable from the case at bar. In the syllabus in Cole, we stated that:

" 'Where defendant, represented by new counsel upon direct appeal, fails to raise therein the issue of competent trial counsel and said issue could fairly have been determined without resort to evidence dehors the record, res judicata is a proper basis for dismissing defendant's petition for postconviction relief. * * *'

"In the present case, defendant, represented by new counsel on appeal, raised the issue of competency of trial counsel. Unlike in Cole, however, it is possible that the issue of competency herein could not fairly have been determined without resort to evidence dehors the record. This evidence includes trial counsel's previous legal experience and his motivations for failing to follow the notice-of-alibi rule. Under these circumstances, res judicata may not be a bar to postconviction relief."

The appellant was entitled to an evidentiary hearing with regard to the alleged failure of trial counsel to provide effective legal assistance during appellant's trial. The issue of effective assistance of counsel cannot be determined without resort to evidence dehors the record both from the state and the defense.

Therefore, appellant's appeal is well-taken and the judgment of the trial court, which denied appellant's petition to vacate sentence, is reversed and remanded to the trial court for a prompt hearing with regard to the issue of effective assistance of counsel vis-a-vis trial counsel's previous legal experience and his motivation for failing to follow the notice-of-alibi rule and defendant's awareness or lack of awareness of his counsel's trial procedures. The trial court is to make and file written findings of fact and conclusions of law upon entering judgment.

Appellant's appeal is well-taken.

Accordingly, the judgment of the trial court is reversed and the cause is remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

PRYATEL, P.J., and PATTON, J., concur.