**State v. Robinson**
*[Cite as 3 AOA 142]*

Case No. L-89-160
Lucas County, (6th)
Decided May 4, 1990

*Anthony Pizza, Prosecuting Attorney, and Dean Mandross, for Appellee.*

*John F. Potts, for Appellant.*

This case comes before the court from the Lucas County Court of Common Pleas.

In 1985, appellant, Robert Lee Robinson, was arrested, indicted, tried, and convicted of kidnapping, a violation of R.C. 2905.01(A), and gross sexual imposition, a violation of R.C. 2907.04(A)(3). Appellant's trial counsel was Charles Aschemeier.

Appellant, represented by new counsel, appealed his criminal conviction to this court. In that appeal, appellant claimed, among other things, that he was denied effective assistance of counsel. See *State* v. *Robinson* (June 13, 1986), Lucas App. No. L-85-278, unreported. We affirmed the trial court's judgment, and appellant then sought review in the Supreme Court of Ohio. That court denied appellant's motion for leave to appeal. Appellant subsequently filed a petition for writ of habeas corpus in the United States District Court for the Northern District of Ohio, Western Division. His petition was dismissed, without prejudice, for failure to exhaust state remedies. However, the federal court noted that appellant had raised a new claim, conflict of interest, concerning ineffective assistance of counsel which should be considered by the state courts.

On April 7, 1988, appellant filed a petition for post-conviction relief in the trial court. After hearing, the trial court denied appellant's petition. From the judgment, appellant now appeals and asserts a single assignment of error:

"It constituted error to deny the petition for post-conviction relief."

Appellant contends that the trial court erred in denying his petition for post-conviction relief because he presented a viable claim of ineffective assistance of trial counsel.

A two-prong test is employed by an appellate court when considering an allegation of ineffective assistance of counsel. The defendant must show that trial counsel violated an essential duty to his client, that is, the defendant must show that counsel's performance was deficient, *and* that counsel's deficiency prejudiced the defense thereby depriving the defendant of a fair trial. *Strickland* v. *Washington* (1984), 466 U.S. 668, 687. See, also, *State* v. *Lytle* (1976), 48 Ohio St. 2d 391, 396-397, vacated on other grounds (1978), 438 U.S. 910. In scrutinizing an attorney's performance, a court must indulge in a strong presumption that counsel's assistance falls within a wide range of reasonable professional assistance. *Strickland, supra*, at 689. See, also, *State* v. *Smith* (1987), 36 Ohio App. 3d 162, 163. Thus, in order to overcome this presumption of effectiveness, a defendant must submit sufficient operative facts to show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland, supra*, at 694.

Appellant sets forth two alleged deficiencies in trial counsel's performance. Appellant initially contends that trial counsel violated an essential duty to his client by failing to request an *in camera* inspection of prior statements made by the victim, Diana Woods, and cross-examining Woods on any inconsistencies between her prior statements and her testimony at trial. See Crim. R. 16(B)(1)(g).

We note, at the outset, that, in general, the doctrine of *res judicata* bars a convicted defendant from raising an ineffective assistance of counsel claim, as well as any other claims, which were raised or could have been raised at the trial level or in the defendant's direct appeal. *State* v. *Perry* (1967), 10 Ohio St. 2d 175, paragraphs seven and nine of the syllabus. To avoid a finding of *res judicata* in a post-conviction relief proceeding, a petitioner must submit evidence demonstrating that his claim of ineffective assistance of counsel is based on facts outside, *i.e., dehors*, the record. *State* v. *Cole* (1982), 2 Ohio St. 3d 112, 114. See, also, *Smith, supra*, at 165.

Appellant's claim relative to counsel's failure to request the production of witness statements pursuant to Crim. R. 16(B)(1)(g) was considered by this court in appellant's direct appeal. We found that this issue could not be

determined on the record before us and suggested that this claim could only be resolved in a post-conviction proceeding. *Robinson, supra*, at 14. Accordingly, appellant's assertion of ineffective assistance of counsel as it involves Crim. R. 16, was not *per se* precluded from being raised in his petition for post-conviction relief.

Initially, appellant points out that no specific inconsistencies in his brief, nor has he ever produced said statements for our own independent review. Nevertheless, a review of the hearing on the petition for post-conviction relief discloses that Charles Aschemeier testified that, due to plea negotiations, the prosecution provided him with "open file discovery." Essentially, trial counsel had access to all of the prosecution's evidence without the necessity of moving for its production. A review of the trial transcript indicates that counsel, upon cross-examination, did in fact bring out inconsistent statements made by Diana Woods in a prior proceeding. He also vigorously cross-examined Woods on the exact sequence and manner in which the alleged kidnapping and sexual contact took place and was able to elicit conflicting testimony from her. We therefore conclude that trial counsel simply did not find any inconsistencies in the witness statements which required the making of a motion under Crim. R. 16(B)(1)(g). This action falls within the purview of a strategic decision and reasonable professional assistance. *Strickland, supra*, at 689.

Appellant also contends that trial counsel was ineffective because he failed to cross-examine Diana Woods about an incident of alleged sexual abuse made by Diana Wood's sister, Cathryn Woods, against their stepfather, Marvin Kittle. Appellant claims that this line of questioning could not be pursued because Aschemeier was appointed counsel for Kittle in his criminal prosecution for that incident. Therefore, appellant reasons that a purported "conflict of interest" prevented trial counsel from presenting an effective defense.

To support his contention of conflict of interest, appellant offered the affidavit of Evelyn Hurley, which states that Cathryn Woods was removed from the home, testimony from Aschemeier, the docket sheet from Kittle's criminal case, and testimony from Roberta Loftus, the mother of appellant. Appellee filed the affidavit of George Runner, the prosecutor in the Kittle case.

The following facts, *dehors* the record, can be determined from this evidence. The Kittle/Woods family was a neighbor of appellant's family. Apparently, in 1983, Marvin Kittle, the stepfather of both Cathryn and Diana Woods, was indicted for the rape of Cathryn. Aschemeier was appointed to represent Kittle in the criminal prosecution. Subsequently, the charge against Kittle was dismissed by the state of Ohio as a result of a recantation of the allegation by the witnesses and a favorable polygraph examination taken by Kittle. Aschemeier recognized Kittle as a former client when he visited appellant's home but did not identify his former client by name or appear to connect Kittle to the Woods family. In his testimony at the hearing on this matter, Aschemeier remembered little about the Kittle case. Even though the prosecution of Kittle was dismissed, Cathryn Woods was "removed" from the family home. The reasons for this removal do not appear in the record of this case.

In *Cuyler* v. *Sullivan* (1980), 446 U.S. 335, at 348, the Supreme Court of the United States held that in order to establish a violation of his Sixth Amendment right to effective assistance of counsel based upon a conflict of interest, a defendant who raised no objection at trial "must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." See, also, *State* v. *Manross* (1988), 40 Ohio St. 3d 180, 182. Until a defendant shows that "his counsel actively represented conflicting interests, he has not established a constitutional predicate for his claim of ineffective assistance of counsel." *Cuyler, supra*, at 350. A conflict of interest must be actual rather than speculative, a mere possibility of conflict is insufficient. *United States* v. *Boling* (C.A. 6 1989), 869 F. 2d 965, 971; *Dixson* v. *Quarles* (E.D. Mich. 1988), 627 F. Supp. 50, 53. (Citations omitted.) To prove an actual conflict, appellant must point to "specific instances in the record to suggest an actual conflict or impairment of their interests." *Id.*, citing *United States* v. *Fox* (C.A. 5 1980), 613 F. 2d 99, 102. See, also, *State* v. *Terry* (May 7, 1987), Cuyahoga App. No. 52072, unreported; *State* v. *Bryant* (Oct. 18, 1985), Lucas App. No. L-84-249, unreported.

While there is no dispute that trial counsel previously represented the stepfather in a criminal prosecution, that prosecution was terminated by entry of a *nolle prosequi* some eighteen months prior to the return of an indictment against appellant. There is nothing in the record to suggest that appellant felt any duty of loyalty to Kittle at the time of appellant's trial, *Strickland, supra*, at 692, or that Aschemeier continued to be under any ethical, economic, or

social restraint arising out of his representation of Kittle. See DR5-105. At the hearing on appellant's petition, no testimony was elicited to suggest that counsel had received confidential information from Kittle which might have affected the defense of Robinson's case. Cf. *Ussury* v. *St. Joseph Hospital* (1988), 43 Ohio App. 3d 48.

However, appellant asserts that the "facts" disclosed in the Kittle case were relevant and admissible in the present case to impeach the credibility of Diana Woods and to provide a motive on the part of Woods for making a false allegation against him. Appellant argues that Aschemeier's representation of Kittle was the only bar to the admissibility of this evidence and precluded the use of appellant's "only viable defense." Appellant concludes that this was a specific instance in the record showing an actual conflict of interest.

Essentially, appellant asks this court to determine whether the information derived from the Kittle case was relevant and admissible in appellant's criminal proceeding. That is not our task in a review of a denial of a petition for post-conviction relief based upon ineffective assistance of counsel. Rather, our review consists of determining whether a failure to use those facts or evidence was a violation of trial counsel's duty to his client and whether that omission was prejudicial to the defendant's case.

The facts offered by appellant are highly speculative. For example, we do know that Cathryn Woods was removed from the home, but the record does not indicate why she was removed. However, appellant infers from this situation that Cathryn was unhappy in the Woods/Kittle household; therefore, she made false allegations against Kittle in order to "escape" that environment. From this, we must also infer that the reason for the removal was the allegation of rape. Appellant's alternate postulate, that Kittle did engage in sexual activity with his eldest stepdaughter, is also an inference based solely on the fact that Kittle was indicted. From that, still another inference is needed to reach the conclusion that Kittle would sexually abuse Diana because he had been accused of abusing Cathryn. Serious doubt exists as to whether these inferences or the facts supporting them were admissible evidence or could have been used for the purpose of impeaching the credibility of Diana Woods. See, *e.g., State* v. *Williams* (1986), 21 Ohio St. 3d 33 [discussing the applicability of the rape shield statute and Evid. R. 608(B)].

In addition, assuming for the moment that these "facts" are relevant and admissible, the failure of trial counsel to utilize them in his cross-examination of Diana Woods cannot be found to have been a violation of an essential duty to his client or that this violation prejudiced the defendant's case.

Appellant elected to present an alibi defense at his criminal trial. Several witnesses were called to establish the fact that Robinson was not at home at the time he was allegedly engaging in sexual contract with Diana Woods in the kitchen of that home. Thus, an exploration of Woods' motives in making the allegations was not the only "viable defense" open to appellant. The choice of defense strategies is a tactical one, see *Strickland, supra,* at 689, and the alibi defense, in this instance, was much stronger. Trial counsel zealously presented this defense and could have truly believed that this was the best course to follow. Moreover, there is absolutely nothing in the record of this case showing that Diana Woods was unhappy in her family life or that her stepfather was sexually abusing her. The addition of testimony relative to these matters would have added little to appellant's case and would not have changed the outcome. On one hand, ample evidence exists in the record to prove, beyond a reasonable doubt, that appellant was the person who grabbed Diana Woods, dragged her to his home, and engaged in unlawful sexual contact. On the other hand, appellant's facts outside the record are insufficient to show that trial counsel's choice of defense constituted ineffective assistance of counsel. Therefore, the court below did not err in denying appellant's petition for post-conviction relief. Appellant's sole assignment of error is found not well-taken.

On consideration whereof, this court finds substantial justice has been done the party complaining, and the judgment of the Lucas County Court of Common Pleas is affirmed.

*Judgment affirmed.*

GLASSER, J., and RESNICK, J., concur.
ABOOD, J., concurs in judgment only.