OPINION
 "I. THE TRIAL COURT ERRED BY FAILING TO PROVIDE THE DEFENDANT-APPELLANT AN EVIDENTIARY HEARING ON HIS PETITION FOR POST CONVICTION RELIEF IN ORDER TO ESTABLISH THE AUTHENTICITY OF A NEWLY DISCOVERED TAPE RECORDING OF A TRIAL WITNESS, SHARON BEACH.
 "II. THE TRIAL COURT ERRED BY FAILING TO PROVIDE THE DEFENDANT-APPELLANT AN EVIDENTIARY HEARING ON HIS PETITION FOR POST CONVICTION RELIEF, IN ORDER TO ESTABLISH PROSECUTORIAL MISCONDUCT BY FAILING TO DISCLOSE THE TAPE RECORDING OF SHARON BEACH, IN VIOLATION OF BRADY V. MARYLAND, 373 U.S. 83 (1963)
 "III. THE TRIAL COURT ERRED IN FINDING THAT THE DEFENDANT-APPELLANT'S TRIAL AND APPELLATE COUNSEL WERE INEFFECTIVE AND SUCH INEFFECTIVENESS DEPRIVED HIM OF DUE PROCESS OF LAW.
 "IV. WHETHER TRIAL COUNSEL'S REPRESENTATION WAS SO EGREGIOUS HE DID NOT REALIZE THE APPELLANT WAS ACQUITTED OF THE THREE SPECIFICATIONS FOR WHICH HE WAS ON TRIAL (SIC) THROUGH THE JURY'S ACQUITTAL OF AGGRAVATED MURDER WHICH INCLUDED THE SPECIFICATION OF HIRING AND SPECIFICATION AS PRINCIPAL OFFENDER WHICH LEFT THE TRIAL COURT WITHOUT THE JURISDICTION TO SENTENCE THE APPELLANT."
On July 19, 1985, a jury found appellant guilty on two counts of involuntary manslaughter and two counts of aggravated arson. The trial resulted from a house fire that claimed the lives of two people. Robert Johnson admitted to purposely starting the fire. He claimed, however, that appellant had hired him to start the fire. Appellant was sentenced ten to twenty-five years on each count. Three of the sentences were to be served consecutively. On May 21, 1996, appellant filed a petition for postconviction relief. The trial court dismissed his petition without a hearing on July 16, 1997. On August 8, 1997, appellant filed a direct appeal of that decision to this court.
On September 29, 1997, appellant filed, a "motion for reconsideration and motion to supplement the record." Appellant sought reconsideration of the trial court's July 1997 decision dismissing his petition in light of the fact that he had belatedly discovered new evidence in the form of a cassette tape. The tape purportedly casts serious doubt on the credibility of the state's main witness.
In his first two assignments of error, appellant contends he is entitled to an evidentiary hearing in light of the newly discovered tape. Said tape was not in appellant's possession until after the trial court issued a final, appealable order denying his petition for postconviction relief. Appellant argues that the trial court should have granted his motion for reconsideration and scheduled an evidentiary hearing. From the record before us, it does not appear that the trial court ever ruled on appellant's motion for reconsideration.
The Supreme Court of Ohio has made clear that "the Ohio Rules of Civil Procedure do not prescribe motions for reconsideration after a final judgment in the trial court." Pittsv. Dept. of Transportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. "Without a specific prescription in the Civil Rules for a motion for reconsideration, it must be considered a nullity." Id. at 380. Similarly, "all judgment or final orders from [such a] motion are a nullity." Id. at 381.
The court's July 16, 1997 judgment entry dismissing appellant's petition for postconviction relief is a final, appealable order. This court has jurisdiction to review final orders. Appellant's possession of the tape was not at issue in his petition for postconviction relief. Appellant, in arguing that the court should have granted his motion for reconsideration, is addressing issues that are not before this court. Lacking a valid basis for review, appellant's first two assignments of error are found not well-taken.
In his third and fourth assignments of error, appellant contends his petition for postconviction relief should not have been dismissed without a hearing because he was denied effective assistance of trial and appellate counsel. Specifically, appellant argues his counsel was ineffective in:
 (1) not obtaining an arson expert despite assurances to the contrary;
(2) failing to protect the crime scene;
 (3) failing to object to the prosecutor's closing arguments;
 (4) failing to recognize that appellant was acquitted of being the principle offender;
(5) failing to present a pertinent defense;
 (6) publicly divulging matters protected under the attorney/client privilege;
(7) attempting to coerce appellant into pleading guilty;
 (8) failing to pursue a viable defense through the use of files compiled by the Lucas County Children's Services Board;
 (9) agreeing to represent appellant on his direct appeal after representing him at trial;
 (10) preventing appellant from taking the stand in his own defense; and
 (11) failing to obtain available crime scene photos and video before trial.
R.C. 2953.21 allows a person convicted of a criminal offense, who claims an infringement of constitutional rights, to file a petition requesting the sentencing court to vacate or set aside the judgment or sentence. State v Gover (1995), 71 Ohio St.3d 577,579. A petition for postconviction relief may be dismissed without an evidentiary hearing when the record indicates that the petitioner is not entitled to relief and that the petitioner did not submit evidentiary documents containing sufficient operative facts to demonstrate that substantive grounds for relief exist. State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied (1983), 464 U.S. 856, 78 L.Ed. 2d 157,104 S.Ct. 174. Pursuant to res judicata, a defendant cannot raise an issue in a motion for postconviction relief if he or she could have raised the issue on direct appeal. State v. Perry (1967),10 Ohio St.2d 175.
Initially we note that appellant's claims of ineffective assistance of counsel are not barred by the doctrine of resjudicata because his trial counsel also represented him on appeal. Res judicata cannot act as a bar to the claim of ineffective assistance because counsel cannot be expected to raise his own incompetence. State v. Lentz (1994), 70 Ohio St.3d 527.
When a petitioner asserts ineffective assistance of counsel in a petition for postconviction relief, he bears the initial burden to submit evidence to demonstrate the lack of competent counsel and that the defense was prejudiced by counsel's ineffectiveness. State v. Pankey (1981), 68 Ohio St.2d 58; Statev. Jackson (1980), 64 Ohio St.2d 107. In Ohio, an attorney properly licensed to practice law is presumed to execute his duties in an ethical and competent manner. In order to overcome this presumption of effective assistance, a petitioner in a postconviction relief proceeding must submit sufficient operative facts or evidentiary material which, if proven, would show petitioner was prejudiced by said ineffective assistance of counsel. State v. Smith (1987), 36 Ohio App.3d 162.
Effective assistance of defense counsel does not equate to a winning defense strategy. Debatable tactics do not necessarily constitute a violation of defense counsel's duties.State v. Clayton (1980), 62 Ohio St.2d 45, 49. The fact that a better strategy may have been available, does not rise to the level of ineffective assistance of counsel. Clayton, supra. Appellant must demonstrate that defense counsel's trial tactics prejudiced him. See State v. Bradley (1989), 42 Ohio St.3d 136.
Appellant first contends his counsel was ineffective for failing to obtain an arson expert. In support, appellant cites the testimony of the state's expert that an accelerant was possibly used to start the fire. This suggestion, according to appellant, contradicts Johnson's testimony that he started the fire by lighting a blanket with a disposable cigarette lighter. Our review of the record reveals no such inconsistency. The state's expert testified he found traces of an accelerant on the back porch where he believed the fire was started. He also testified that the occupants of the house had told him that they had stored some accelerants on the back porch. Because of this information, the state's expert testified he could not conclude from the evidence that the fire was deliberately started with an accelerant. It was equally plausible that the fire had started independently of the accelerant, only to eventually include the accelerant. We therefore conclude that appellant has not shown that the outcome of his trial would have been different had his counsel obtained an arson expert.
Appellant next contends that his counsel was ineffective for failing to preserve the crime scene. As noted in the trial court's decision, appellant's counsel lacks the authority to preserve a crime scene. Even assuming appellant's counsel filed a motion to protect the scene, the possible benefit from such action is speculative at best.
Appellant has also asserted that he was denied effective assistance of counsel because of counsel's failure to object to the prosecutor's closing argument, because of counsel's choice of defense, because of counsel's recommendations that appellant not testify in his own defense and that appellant consider pleading guilty and, counsel's failure to obtain crime scene photos and video before trial. All of these examples are representative of counsel's trial strategy. In that appellant has not shown he was prejudiced, we cannot say that counsel's strategy amounted to ineffective assistance of counsel.
Appellant has also asserted that counsel was ineffective in divulging attorney/client secrets to the media. At issue is a television program which focussed on appellant's then completed trial. In support of this contention, appellant submitted a transcript from the program. In the transcript, counsel explains his various reasons for employing the trial strategy he employed, such as, his reasons for calling certain witnesses or what he expected from their testimony. We can find nothing in these comments that would be protected under the attorney/client privilege.
Appellant also contends his counsel was ineffective for agreeing to represent appellant on direct appeal. This argument is without merit in that counsel is not per se ineffective for agreeing to represent the same client on direct appeal that he or she represented at the trial level.
Finally, appellant contends that his counsel was ineffective in failing to recognize appellant's "acquittal." Appellant was indicted on two counts of aggravated murder with specifications. The jury found appellant guilty on the lesser included offenses of involuntary manslaughter. Appellant now seems to argue that the failure of the jury to find appellant guilty of aggravated murder necessarily precludes a finding of guilty on any offense that constitutes a lesser included offense of aggravated murder.
Appellant's argument is without merit. The Ohio Supreme Court has held: "If under any reasonable view of the evidence it is possible for the trier of fact to find the defendant not guilty of the greater offense and guilty of the lesser offense, [a jury] instruction on the lesser included offense must be given." Statev. Wilkins (1980), 64 Ohio St.2d 382, 388. See, also, State v.Williams (1996), 74 Ohio St.3d 569, 574.
Even considering all of appellant's allegations in total, we cannot conclude that appellant's counsel was incompetent or that appellant was prejudiced by his counsel's effectiveness. Accordingly, appellant's third and fourth assignments of error are found not well-taken.
On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J.
 James R. Sherck, J.
 Richard W. Knepper, J.
CONCUR.