[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Appellant was originally charged with robbery, a second degree felony in November, 1993 (R.C. 2911.02). On January 18, 1994, as a consequence of the plea bargain, appellant pled guilty to theft with a harm specification and was sentenced to a term of three to five years incarceration.
On June 5, 1996, appellant filed a petition to vacate his sentence per R.C. 2953.21, claiming that he had been denied effective assistance of counsel through his failure to adequately prepare for trial and that he was compelled to plead guilty because of his mental state at the time of sentencing, as well as failure of his counsel to be prepared.
In his petition, he also claims that he did not knowingly, intelligently, and voluntarily enter his guilty plea because he was under the influence of residual medication administered by the jail at the time of the plea hearing; and that he was receiving psychotropic drugs to deal with a sever psychosis that he had previously been diagnosed as suffering.
Appellant requested appointment of counsel because of his mental illness.
In its judgment denying appellant's motion for post conviction relief, the court states, inter alia:
 The burden is upon the Defendant to provide the Court, as part of his petition, evidentiary documents containing sufficient operative facts to demonstrate that some issue exists outside the record upon which he can base his claim for post conviction relief.
 In Ohio, there is a presumption that an attorney, properly li censed, to practice law, is able to execute his duties in an ethical and competent manner. The Defendant has failed to set forth sufficient operative facts or evidentiary documents that his attorney failed to meet the requirements of competent counsel or that the Defendant was prejudiced in any manner by the failure of his attorney to perform any of the tasks set forth in the Defen dant's petition.
 The Defendant's claim of mental incompetency is not supported by his exhibits, which consists [sic] of partial reports used in other jurisdictions. The fact that the Defendant was also sentence[d] to terms of imprisonment in those cases would be indicative that the Defendant was not prejudiced by any failure to follow the same procedures in this case. Trial Court Judgment.
From this judgment, the appellant appeals, assigning three errors:
ASSIGNMENT OF ERROR NO. 1
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISSING APPELLANT'S CLAIM FOR POST-CONVICTION RELIEF WITHOUT CONDUCTING AN EVIDENTIARY HEARING AS REQUIRED BY R.C. 2953.21(E) (DECISION AND ENTRY OF TRIAL COURT).
 ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PRESUMING THAT APPELLANT'S ATTORNEY PERFORMED IN AN ETHICAL AND COMPETENT MANNER. (DECISION AND ENTRY OF TRIAL COURT).
 ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY STATING THAT BECAUSE DEFENDANT WAS ALSO SENTENCE[D] TO TERMS OF IMPRISONMENT IN OTHER JURISDICTIONS IT WOULD BE INDICATIVE THAT THE DE FENDANT WAS NOT PREJUDICED BY ANY FAILURE TO FOLLOW THE SAME PROCEDURE IN THIS CASE, AND THEREBY MAKING IT OKAY TO VIOLATE R.C. 2929.12(C)(4). (DECISION AND ENTRY OF TRIAL COURT).
 I.
Appellant claims that his attorney failed to appropriately deal with and protect him in his condition of mental illness. In support of this claim he filed his own affidavit, the gist of which is that he was tricked into going to the courthouse, was promised he would get "ice cream" and "go to Disney Land" by his attorney, saw that the judge "looked like a big ole monster, and I really felt that if I didn't plea guilty, that he would devour me." He further stated, "I agin told my attorney that I didn't feel right, and he agin just said `trust me, everything is going to be allright [sic], don't you want to go to Disneyland?' I can't really remember exactly what happened after that, all that I know is that I didn't get to go to Disneyland, or to get any ice cream" (Affidavit of Defendant). He also filed a letter from The Samaritan suggesting inpatient treatment program in lieu of incarceration, upon their assessment of dual diagnosis (mental illness/chemical dependency) (Exhibit B). A partial report from Forensic Psychiatry Center, July 25, 1994, dealing with competency to stand trial, R.C. 2945.371, detailing past contacts with the justice system, but no conclusion, is also attached (Exhibit C). Another evaluation on December 12, 1994, for another court, recites: "It is my opinion that Olleck Johnson may have been seriously mentally ill at the time of the alleged offenses. However, he was able to know that the criminal behavior, with which he is charged, was wrong." (Dr. Robert N. Baker, Forensic Psychiatry Center, Exhibit D). The attachments are incomplete.
The trial court concluded that these supplications did not meet the threshold standards of calling for an evidentiary hearing. We agree. The record of the plea change hearing affirmatively demonstrates that the trial court addressed the appellant directly, conversationally, and repeatedly concerning the voluntariness and understanding of the plea and the agreement. His self-serving affidavit is inadequate to trigger a right to a hearing upon the petition. See, State v. Kapper (1983), 5 Ohio St.3d 36,448 N.E.2d 823.
The first Assignment of Error is overruled.
 II
This Assignment of Error posits an incorrect proposition of law, and is overruled, consistent with the holding in State v.Smith (1987), 36 Ohio App.3d 162.
 III
The exhibits filed by the appellant are nonpersuasive and incomplete as relates to the post conviction proceedings herein. The comment about disposition in other cases is no more than an "oh, by the way" comment upon the evidence. His conclusions are clearly not based thereupon.
The third Assignment of Error is overruled.
 IV
The judgment of the trial court is affirmed.
CACIOPPO, J., concurs.