Defendant-appellant Lenore Kline (appellant) appeals from orders of the Rocky River Municipal Court finding her guilty of three traffic offenses. For the following reasons, we affirm the judgment of the municipal court.
On December 12, 1998, an officer with the Rocky River Police Department issued a citation charging appellant with the following offenses: (1) driving under the influence of alcohol in violation of Rocky River Codified Ordinance (R.R.C.O.) 333.01(a)(1); (2) driving with a prohibited breath alcohol concentration of .164 in violation of R.R.C.O. 333.01(a)(3);and (3) failure to obey a red light in violation of R.R.C.O. 313.01.
During the course of proceedings, appellant filed a motion to suppress her breathalyzer test. The trial court denied appellant's suppression motion, and the court scheduled trial for September 2, 1999.
Prior to commencement of trial, the prosecution presented an oral motion in limine. The prosecution requested that the trial court exclude the testimony of a defense expert witness, Dr. Albert Stabus.
The trial court granted the prosecution motion in limine and, in response, appellant changed her plea to no contest. The trial court found appellant guilty of the charges against her. The court then imposed upon appellant the following sentence: (1) a $200 fine and court costs; (2) ten days in jail, which was suspended; (3) six months inactive probation; and (4) a six-month suspension of her driver's license, with driving privileges related to work and the care of her elderly mother. Therefrom, appellant filed a timely notice of appeal with this court.
 I. THE APPELLANT WAS DENIED DUE PROCESS UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION WHEN THE TRIAL COURT SUPPRESSED THE TESTIMONY OF A DEFENSE WITNESS.
In her first assignment of error, appellant claims that the trial court erred in granting the prosecution's motion in limine excluding the expert testimony of Dr. Stabus. After the court granted the motion, appellant entered a plea of no contest to the charges against her.
It is well established that while a plea of no contest does not waive an appeal from an adverse ruling on a pre-trial motion to suppress, see Defiance v. Kuntz (1991), 60 Ohio St.3d 1, syllabus, a no contest plea following an adverse ruling on a motion in limine does not preserve an issue on appeal. State v. Gabel (1991), 75 Ohio App.3d 675. Highland Hts. v. Page (Feb. 17, 1994), Cuyahoga App. No. 64381, unreported. Accord State v. Shelton (Apr. 19, 2000), Lorain App. No. 98CA007165, unreported; State v. Benton (Mar. 17, 2000), Ottawa App. No. OT-99-050, unreported; State v. Hunter (Aug. 19, 1999), Licking App. No. 99CA0036, unreported.
As the Supreme Court of Ohio noted in State v. French (1995),72 Ohio St.3d 446:
 A ruling on a motion in limine reflects the court's anticipated treatment of an evidentiary issue at trial and, as such, is a tentative, interlocutory, precautionary ruling. Thus, "the trial court is at liberty to change its ruling on the disputed evidence in its actual context at trial. Finality does not attach when the motion is granted." Defiance v. Kretz (1991), 60 Ohio St.3d 1, 4, 573 N.E.2d 32, 35, citing State v. Grubb (1986), 28 Ohio St.3d 199, 201-202, 28 OBR 285, 288, 503 N.E.2d 142, 145.
 Confusion and inaccuracy may arise, however, because a motion in limine may be used in two ways. It may be used as a preliminary means of raising objections to evidentiary issues to prevent prejudicial questions and statements until the admissibilityof the questionable evidence can be determined outside the presence of the jury. It may also be used as the functional equivalent of a motion to suppress evidence that is either not competent or improper due to some unusual circumstance not rising to the level of a constitutional violation. Palmer, Ohio Rules of Evidence, Rules Manual (1984) 446, cited in State v. Maurer, supra, 15 Ohio St.3d at 259, 15 OBR at 396-397, 473 N.E.2d at 787, fn. 14.
Id. at 450.
In the instant case, the state used its motion in limine as a preliminary means of raising objections to the testimony of Dr. Stabus. The state's motion was not a functional equivalent of a motion to suppress — the trial court was not asked to rule on the admission or exclusion of the breathalyzer test itself.
Based upon the foregoing, we find that appellant waived any error in this regard when she entered a plea of no contest. Therefore, we overrule appellant's first assignment of error.
 II. DEFENSE COUNSEL WAS INEFFECTIVE WHEN SHE BELIEVED THE COURT'S RULING TO EXCLUDE THE TESTIMONY OF DR. STABUS WAS PROPERLY PRESERVED BY THE APPELLANT ENTERING A NO CONTEST PLEA.
As for her second assignment of error, appellant contends she received ineffective assistance from her counsel. In particular, appellant challenges her counsel's failure to preserve for appeal the arguments raised in the first assignment of error. As noted above, appellant waived her arguments regarding the court's motion in limine ruling when she entered a plea of no contest.
To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate that counsel's performance was deficient, and that the deficient performance prejudiced the defense. Strickland v. Washington (1984), 466 U.S. 668, 687. A properly licensed attorney is presumed to execute his duties in an ethical and competent manner. State v. Smith (1987), 36 Ohio App.3d 162 . Ineffectiveness is demonstrated by showing that counsel's errors were so serious that he or she failed to function as the counsel guaranteed by the Sixth Amendment. State v. Hamblin (1988), 37 Ohio St.3d 153. To establish prejudice, a defendant must show that there is a reasonable possibility that, but for counsel's errors, the result of the proceeding would have been different. Strickland, supra, at 694.
In the instant case, appellant failed to show that her counsel's performance was deficient. Generally, the decision to enter a no contest plea is a tactical judgment. See State v. Spivey(1998), 81 Ohio St.3d 405,419 (The decision not to contest the charges was a tactical decision that, in our judgment, was both reasonable and practical in light of the evidence of appellant's guilt.). In addition, appellant failed to even allege resulting prejudice, viz., but for her counsel's challenged conduct, she would not have entered her plea and instead would have insisted on going to trial. See State v. Xie (1992), 62 Ohio St.3d 521,524.
Thus, we find that appellant has not satisfied her burden of establishing the claim of ineffective assistance of counsel. Appellant's second assignment of error lacks merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, P.J. and JAMES D. SWEENEY, J. CONCUR.