OPINION
{¶ 1} Defendant-appellant Randy Wilhelm appeals the August 31, 2005 Judgment Entry of the Mount Vernon Municipal Court, overruling his petition for post conviction relief. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On December 7, 2003, appellant, his father, brother and friends were members of a hunting party on Paige Road in Knox County, in the vicinity of the Wilhelm family farm. Wildlife officers approached the party and inspected appellant's hunting license and gun. After inspecting appellant's gun, the officer laid the gun on the ground. The officers proceeded to inspect appellant's father's gun, and then laid it on the ground. Appellant claims during the encounter, as he removed a tape recorder from his pocket, the officers drew their guns and ordered him to lie down on the road. Appellant was subsequently handcuffed and arrested.
 {¶ 3} Appellant was charged with interfering with a wildlife officer's lawful order, in violation of R.C. 1533.63, a misdemeanor; possession of unlawful ammunition, in violation of R.C. 1531.02, a misdemeanor; and unlawful possession of a hand-held radio, in violation of R.C. 1531.02 and O.A.C. 1501.31-15-11-M, also a misdemeanor.
 {¶ 4} On October 16, 2003, appellant entered a plea of guilty to unlawful possession of ammunition, and the two other charges were dismissed. On August 19, 2005, this Court affirmed appellant's conviction. On January 26, 2005, the Ohio Supreme Court declined jurisdiction to hear further appeal.
 {¶ 5} On June 23, 2005, appellant filed a Petition for Post Conviction Relief pursuant to O.R.C. 2953.21. Via Judgment Entry on August 31, 2005, the Mount Vernon Municipal Court overruled the motion.
 {¶ 6} Appellant now appeals, assigning as error:
 {¶ 7} "I. THE TRIAL COURT COMMITTED ERROR IN OVERRULING RANDY WILHELM'S POST CONVICTION REMEDY."
 I {¶ 8} In his sole assignment of error, appellant argues the trial court erred in overruling his petition for post conviction relief. Appellant's petition raises issues relative to the competency of his trial counsel and the legality of his arrest.
 {¶ 9} In reviewing a trial court's denial of appellant's petition for post-conviction relief, absent a showing of abuse of discretion, we will not overrule the trial court's finding if it is supported by competent and credible evidence. State v.Delgado (May 14, 1998), Cuyahoga App. No. 72288, at 3, citingState v. Mitchell (1988), 53 Ohio App.3d 117, 120,559 N.E.2d 1370. In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219,450 N.E.2d 1140.
 {¶ 10} A petition for postconviction relief is a means to reach constitutional issues which would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.State v. Murphy (Dec. 26, 2000), Franklin App. No. 00AP-233. Although designed to address claimed constitutional violations, the postconviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment. State v.Calhoun (1999), 86 Ohio St.3d 279, 281; State v. Steffen
(1994), 70 Ohio St.3d 399, 410. A petition for postconviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition.State v. Jackson (1980), 64 Ohio St.2d 107, 110.
 {¶ 11} In the instant action, the State contends appellant's postconviction relief is barred by the doctrine of res judicata. We disagree. The issue of trial counsel's competency herein could not fairly be determined without resort to evidence dehors the record. This evidence includes trial counsel's failure to file a motion to suppress. Under these circumstances, res judicata may not be a bar to postconviction relief. State v. Smith (1987),36 Ohio App.3d 162, 165.
 {¶ 12} The State also asserts appellant's post-conviction relief should be dismissed as untimely. By rule, we find the petition was, in fact, untimely filed. However, once the trial court determined a hearing was necessary and conducted said hearing, the issue of timeliness became moot. Accordingly, we shall address the merits of appellant's petition.
 {¶ 13} At the hearing, appellant testified on his own behalf. Appellant recalled the events leading up to his arrest by wildlife officers. Appellant's recollection of his words and actions during the confrontation with the officers supports his position he did not commit a misdemeanor in their presence. Jerry Hoeflich, a member of appellant's hunting party, testified on appellant's behalf. Hoeflich corroborated appellant's testimony relative to appellant's actions during the incident with the officers. Hoeflich specifically stated appellant did not do anything to interfere with the wildlife officers. The State did not present any witnesses. The trial court record however, includes the Law Enforcement Statement of Wildlife Officer Michael Miller, Sheriff's Deputy Durbin's written statement, the Officer Narrative Report of Wildlife Officer William Runnells as well as the incident report. These documents contradict appellant's version of the story. The wildlife officers describe appellant as argumentative and uncooperative. Officer Miller specifically details appellant's attempt to warn his brother not to approach.
 {¶ 14} At a post conviction hearing, the weight to be given the evidence and the credibility of the witnesses are primarily for the trial judge. State v. Wise (1981), Hamilton App. No. C-800150. The original trial record in the instant action serves to negate appellant's claim his arrest was illegal. We find the trial court was free to weigh the evidence admitted at the hearing and the evidence already in the record, and assess the credibility of the witnesses. We find the trial court had competent and credible evidence to support its denial of appellant's motion for postconviction relief.
 {¶ 15} Appellant's sole assignment of error is overruled.
 {¶ 16} The judgment of the Mount Vernon Municipal Court is affirmed.
Hoffman, J. Wise, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court is affirmed. Costs assessed to appellant.