OPINION
{¶ 1} Appellant Frederick A. Cobb appeals from the denial of his petition for post-conviction relief in the Richland County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On November 23, 1997, Shawn Kilgore was found fatally shot in the head in a motel room in Mansfield, Ohio. Appellant was thereafter indicted for Kilgore's murder. On December 8, 1997, appellant entered a plea of not guilty by reason of insanity. On May 1, 1998, following a jury trial, appellant was convicted of one count of aggravated murder and one count of aggravated robbery, each carrying a firearm specification. Appellant was sentenced to twenty years to life in prison for aggravated murder, and ten years for the aggravated robbery, to run concurrently. He was also sentenced to three years in prison on the gun specifications; however, this portion of the sentence was vacated on appeal. See State v. Cobb (Dec. 29, 1998), Richland App. No. 98-CA-37.
 {¶ 3} On November 5, 2005, more than seven years following his conviction and sentence, appellant filed a petition for postconviction relief. The State filed a responsive motion on November 18, 2005. On January 5, 2006, the trial court denied appellant's petition without conducting an evidentiary hearing.
 {¶ 4} Appellant filed a pro se notice of appeal on February 14, 2006.[1] He herein raises the following two identically-worded Assignments of Error:
 {¶ 5} "I. INEFFECTIVE ASSISTANCE OF COUNSEL OF CONSTITUTIONAL DEMENSIONS (SIC).
 {¶ 6} "II. INEFFECTIVE ASSISTANCE OF COUNSEL OF CONSTITUTIONAL DIMENSIONS."
 I., II. {¶ 7} In his First and Second Assignments of Error, appellant appears to challenge the trial court's denial of his postconviction relief petition without an evidentiary hearing.
 {¶ 8} Our initial task is to address the facial untimeliness of appellant's petition in the trial court. The pertinent jurisdictional time requirements for a postconviction petition are set forth in R.C. 2953.21(A)(2) as follows: "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." In order for a court to recognize an untimely postconviction petition pursuant to R.C. 2953.23(A)(1), both of the following requirements must apply:
 {¶ 9} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 10} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 11} In the case sub judice, appellant focuses on his claim that his trial counsel failed to properly present evidence on the issue of appellant's mental capacity at the time of Kilgore's murder. Appellant asserts that he "has diligently tried to obtain all the medical records and doctor reports and is still in the process of trying to `track down' Dr. Greenspan, who did not submit a crucial report at trial because she was too busy and did not have the time, an act that further prejudiced the appellant in his quest for having the evidence necessary to help in the mitigation of his sentence because Appellant was under `Extreme Emotional Disturbance' during the months preceding the fateful day of the accidental shooting of Shawn Kilgore." Appellant's Brief at 6.
 {¶ 12} An appellate court's standard of review is de novo when reviewing a trial court's dismissal or denial of a petition for post-conviction relief without a hearing. State v.Volgares, Lawrence App. No. 05CA28, 2006-Ohio-3788, ¶ 8, citingState v. Gibson, Washington App. No. 05CA20, 2005-Ohio-5353. Having reviewed appellant's petition and his present brief, we find appellant fails to show he was "unavoidably prevented" from discovery of his purported medical records, the specifics of which he does not presently reveal.
 {¶ 13} Accordingly, we hold the court did not err in denying said petition without conducting an evidentiary hearing. Cf.State v. Hurst (Jan. 10, 2000), Stark App. No. 1999CA00171.
 {¶ 14} Appellant's First and Second Assignments of Error are therefore overruled.
 {¶ 15} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
Wise, P.J. Gwin, J., and Boggins, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed. Costs to appellant.
[1] We note the notice of appeal was thus filed more than thirty days after the judgment entry presently appealed. However, the postconviction relief process is a civil collateral attack on a criminal judgment. See State v. Wilhelm, Knox App. No. 05-CA-31, 2006-Ohio-2450, ¶ 10, citing State v. Calhoun (1999),86 Ohio St.3d 279, 281. Appeals from court action on postconviction petitions are governed by App.R. 4(A), which requires an appeal, in a civil case, to be filed within thirty days of the later of entry of the judgment entry appealed, or, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure. State v. Woolfolk (Aug. 10, 2000), Cuyahoga App. No. 76671. The docket in the case sub judice does not clearly indicate when service of the judgment entry of January 5, 2006 was served on appellant; hence, we find we have jurisdiction under App.R. 4(A) in this matter.